FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2012 FEB 16 PM 1:4

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10 CR 3123 |
| ) | |
| WILLE CURRY, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM IN SUPPORT OF 28 U.S.C. SECTION 2255
MOTION TO VACATE, SET-ASIDE OR VACATE SENTENCE
BY A PERSON IN FEDERAL CUSTODY

NOW INTO COURT comes the Movant, Wille Curry, pro se, pursuant to 28 U.S.C. § 2255, Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and beg this honorable court to take said Motion under Judicial Review and render a decision that will dictate Judicial Fairness when It renders its decison.

### STATEMENT OF JURISDICTION

This Honorable Court has the jurisdiction to entertain said matter since Movnat has filed this Motion within the one-year time frame set forth in the Anti-Terrorism Death Penalty Act of 1996. The Court also has Jurisdiction pursuant to 18 U.S.C. § 2331.

-1-

## STATEMENT OF THE CASE

On December 14, 2010 an Indictment was filed in in the United States District Court for the District of Nebraska charing Movant with violation of 21 U.S.C. §§ 841(b)(1) and 851. Pursuant to a plea agreement on October 18, 2011, Movant plead guilty to count One, violation of 21 U.S.C., Section 841(a)(1), Intentionally and knowingly possessed 500 grams or more of a controlled substance.; Defendant knew that it was cocaine or some other prohibited drug; and Defendant intentionally possesed the drug with intent to distribute it. On October 19, 2011 Movant was committed into the custody of the United States Bureau of prisons to be imprisoned for a term of 60 months; 5 years supervised release with special conditions, and $100.00 special assessment.

## STATEMENT OF THE FACTS

Based on the facts stated in the Movant's Motion to Quash Arrest and Suppress Evidence; Nebraska State Troopers Pelster and Bigsby were driving westbound on I-80 in Seward County, Nebraska, at approximately 9:45 a.m. om October 27, 2010. The troopers saw a black minivan driving eastbound. The minivan was going approximately 60 mph in a 75 mph zone and the minivan did not have a front plate (Indiana does not require a front plate). The troopers turned around and caught up to the minivan. The minivan was now going about 60-65 mph. The troopers ran the Indiana license plate-4730B- through their dispatch and the plate came back as "not on file." In truth the plates were valid and would later come back to C & B Auto Sales in Winamac, Indiana. Trooper Pelster activated his in-car camera system which he claims in his narrative shows the minivan following another vehicle at 1-2 car lenghts. The trooper stopped the minivan at around 9:49 a.m.

Defendant (Movant) would be identified as the driver of the minivan. One of the troopers informed defendant that he would be getting a warning for following too closely. The trooper asked defendant for his license and registration which defendant provided. Defendant was removed from the minivan and asked to open his coat to reveal any weapons. Defendant was placed in the trooper's squad car and for the next ten minutes defendant was questioned about his travel and criminal history.

At 10:05 a.m. the trooper printing off a warning for

following too closely and asked defendant, "Hey Willie, can I take just a little more of your time before you take off?"

Defendant said that it was not a problem. The trooper aaked permission to search defendant's minivan and defendant responded, "You can search, I ain't got no problem with that. I ain't got nothing to hide."

Trooper Pelster began his search at 10:11 a.m., and by 10:16 a.m. it is clear that Trooper Pelster sees something that he considers suspicious. Tooper Pelster returns to the squad car and informed defendant that there is aftermark work in the dash "that is not consistent with a Dodge product." Defendant is placed in handcuffs, searched thoroughly, and put in the back of the squad car.

At 10:47 a.m., one of the troopers tells the defendant that there are definitely packages "in there" and affords defendant the opportunity "to help himself out." At 10:51 a.m. Trooper Bigsby can be heard telling his dispatch that they can't get the suspected contraband right now but "[Trooper Pelster] can feel it with his hand."

At 10:55 a.m. defendant is Mirandized and he agrees to cooperate with the troopers and complete the delivery. Defendant and the minivan were taken to Lincoln, Nebraska, where the compartmnet was eventually opened and revealed two kilograms of cocaine. Defendant made incriminating stateements regarding his knowledge and participation in obtaining the kilograms of cocaine and the purpose for which he obtained them.

ISSUE PRESENTED

I.  COUNSEL WAS INEFFECTIVE FOR NOT ARGUING THAT THE POLICE STOP THAT LED TO MOVANT'S ARREST WAS PRETEXTURE AND RACIALLY MOVATED.

Earlier, about 40 minutes prior to Movant's stop, the Nebraska State Trooper, activated his Cruiser's camera in regards to his watching a vehicle being driven by a caucasion, because the vehicle was too close to another vehicle. The Trooper did not stop the vehicle to issue a warning to the driver. When movant came along, the Trooper after following the movant, a Black male, for about 10 miles, the Trooper alleges that the movant had been following a vehicle too close. Because of this alleges traffick violation the movant was stopped by the Trooper; a stop that led to the searching of movant's vechile and discovery of the drugs therein.

ISSUE PRESENTED

II.  COUNSEL WAS INEFFECTIVE FOR NOT ARUGING THAT I WAS QUESTIONED BY A LAW ENFORCEMENT OFFICER WITHOUT BEING MIRANDERIZED.

In this case before this Honorable Court Movant's counsel was asked by the Court if he wished to argue that movant's Fifth Amendment Right (Miranda) was violated. Counsel stated that he did not. See Exhibit A.

In Miranda v. Arizona, 384 U.S. 346 (1966) it was held that: "The accused must be advised that he/she has a right to counsel before a custodial police interrogation." Also see United States v. Davenport, 986 F.2d 1047 (7th Cir. 1993) (Trial counsel's failure to move to suppress confession may constitute 'cause' under ineffective assistance of counsel for procedural default). In Goodwin v. Balkcom, 684 F.2d 794 (11th Cir. 1993) (Trial counsel's failure to move to suppress confession constitutes ineffective assistance of counsel where law provided avenue to suppress confession.' It is legally clear that the Judge provided an avenue for counsel in this case to argue a violation of movant's Miranda Rights.

ISSUE PRESENTED

III. COUNSEL WAS INEFFECTIVE FOR NOT ARUGING THAT MOVANT'S CONSENT TO SEARCH HIS VEHICLE DID NOT EXTEND TO INVASION OF THE DASH AREA.

Movant gave a genral consent to search his vehicle but the Trooper went into the Crusier and removed a pry-bar and screwdriver, which he used to break into the dash in the passenger area of the vehicle. In United v. Best, 135 F.3d 1223, 1225 (8th Cir. 1998) (Warrantless search of vehicle's door panel invalid because police had no probable cause to believe drugs located in vehicle. United States v. Easter, 539 F.2d 663 (8th cir. 1976) (Trial counsel;s failure to file motion to suppress illegally seized evidence without warrant amounted to ineffective assistance of counsel. Also see Morrison v. Kimmelman, 650 F.Supp. 907 (D.N.J. 1986) and Kimmelman v. Morrison, 477 U.S. 365 (1986). In this case before the Court the Trooper who believed that drugs were in the dash had no probable cause to beieve so. It was based on mere suspicious; especially since he had previously made a racial remark to movant about a "Black man" being able to afford such a luxury vehicle.

ISSUE PRESENTED

IV. COUNSEL VIOLATED THE SIXTH AMENDMENT WHEN HE DEVOWED INFORMATION ABOUT MOVANT THAT WAS INCRIMINATING AND PUT MOVANT'S SAFETY AND LIFE IN JEOPARDY.

Counsel showed individuals (gangbangers, etc.) some incriminating statements that movant had made. Because of Attorney/Client violation, counsel placed movant and his family lives in danger.

In McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970) it was held that: "Sixth Amendment right to counsel is right to effeictive assistance of counsel. The right to effective assistance applies to both retained and appointed counsel. Also see Cuyler v. Sullivan, 446 U.S. 335, 344-45 (1985).

Black Law Dictionary, Abridged, Sixth Edition, difines "Attorney-Client Privilege" in the following manner: "In law of evidence client's privilege to refuse disclosure and to prevent any other person from disclosing confidential communcating between him and his attorney. Such privilege protect communications between attorney and client made for purposes of furnishing or obtaining professional legal advice or assistance. Black went on to define "Client's Privilegs as: "right of client to require attorney not to disclose confidential communication made to him in the attorney-client relationship, including disclousure on the witness stand. It is legally claer by the language in Black that the client's attorney (Mr. Himel) violated this very critical Sixth Amendment right of the movant and prejudiced him by exposing movant to

-8-

potentially critical or fatal injury.

ISSUE PRESENTED

V.     COUNSEL WAS INEFFECTIVE FOR FAILURE TO INFORM MOVANT OF HIS RIGHT TO APPEAL SUPPRESSION HEARING DECISION.

In <u>Lozada v. Deeds</u>, 488 U.S. 430 (1991) it was held that defense counsel's failure to inform petitioner of his right to appeal constitutes ineffective assistance of counsel.

In this matter before this Honorable Court it is legal commom sense for competent counsel to appeal the denial of a suppression motion; especially when there are viable issues, as in this case, that there is a strong probability that a Higher Court could over turn the veridct of the lower court. Mr. Himel, my attorney in this instant case did not inform me that I could appeal the decision of the Suppression Hearing. By not doing so he prejudiced me in that had a Higher Court ruled in my favor on appeal the charges against me would have been dismissed.

## CONCLUSION

**WHEREFORE,** based on the foregoing legal citations and points of law and the attached Declaration Movant prays that this Honorable Court grant him the requested relief which is the dismissal of said criminal charges since the "fruits of a poisonous tree" (the illegally confiscated drugs) were used to indict and find movant guilty of the possession of drugs for sales.

February___, 2012.                    Respectfully submitted,

*/s/ Willie Curry*
WILLIE CURRY
Pro Se Movant
Federal Correctional Inst.
Post Office Box 10
Lisbon, OH 44432-0010

## PRO SE STATUS

Petitioner states that in accordance with the provision found in <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), its relevant progeny, and current law and procedure, <u>In Re Williams</u>, 330 F.3d 277 (4th Cir. 2003), it is Petitioner hopeful prayer that this Honorable Court will overlook any minor procedural inadequacies associated with this brief (inferred or otherwise), as petitioner is a layman and thus is not versed in the intricasies governing legal procedural, or practices-like licensed attorney's do. Petitioner further states that this Court should liberally construe this brief with a tolerate eye towards petitioner's <u>pro se</u> statue, as well as his good-faith effort to comply with any and all rules.