IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:10CR3123 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WILLIE CURRY, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on Defendant's notice of appeal (filing 103) and on the recent memo from the clerk's office inquiring whether Defendant may proceed in forma pauperis on appeal (filing 104). In response to the Clerk's inquiry, the court finds that the appeal is not taken in good faith. Thus, Defendant may not proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a)(3).

    Defendant pleaded guilty to possession of cocaine with intent to distribute and I sentenced him to 60 months in prison on October 19, 2011. (Filing 63.) Defendant waived his right to appeal and waived his right to file a § 2255 motion with the exception that he was permitted to seek postconviction relief based upon ineffective assistance of counsel.[1] (Filing 49 at CM/EF pp. 6-7.)

    On February 16, 2012, Defendant filed a motion to vacate under 28 U.S.C. § 2255. (Filing 73.) I denied the motion and Defendant filed a motion for certificate of appealability along with a notice of appeal. (Filings 78, 79, 81, and 82.) I declined to issue a certificate of appealability, but granted Defendant leave to proceed in forma pauperis on appeal. (Filing 85 at CM/ECF p. 2.) On July 27, 2012, the Eighth Circuit denied Defendant's application for certificate of appealability and dismissed his appeal. (Filing 88.)

---

[1]There were also other exceptions but they are not pertinent here.

On January 29, 2013, Defendant filed a motion pursuant to Federal Rule of Civil Procedure 60(b), seeking to reopen his § 2255 proceeding. (Filing 92.) I denied the motion (filing 93) and Defendant filed a notice of appeal (filing 94). I concluded that Defendant's Rule 60(b) motion essentially argued that an issue he raised in his motion for certificate of appealability constituted an extraordinary circumstance sufficient to reopen his § 2255 proceeding. (Filing 96.) That argument was nothing more than an argument previously raised and considered by this court and the Eighth Circuit. (*Id*.) Thus, I certified that his appeal was not taken in good faith. (*Id*.)

On August 19, 2013, Defendant filed a Motion for Subpoena. (Filing 100.) In the Motion, Defendant asks the court to issue a subpoena so that he can determine whether a "recording of the stop" that led to Defendant's arrest was tampered with. (*Id*.) I denied the motion on September 3, 2013. (Filing 102.) Defendant has now filed a notice of appeal regarding that denial. (Filing 103.) Plaintiff continues to point to issues, or raise arguments, that were or could have been raised previously. Accordingly,

    IT IS ORDERED that:

    1.    Pursuant to Fed. R. App. P. 24(a)(3)(A), the court certifies that Defendant's appeal (filing 103) is not taken in good faith.

    2.    Pursuant to Fed. R. App. P. 24(a)(4)(B), the clerk of the court shall send a copy of this memorandum and order to Defendant and to the Clerk of the United States Court of Appeals for the Eighth Circuit.

DATED this 24th day of September, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.